*Kallas v. Egan*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand twenty-one.

PRESENT:
> ROBERT A. KATZMANN,
> MICHAEL H. PARK,
> STEVEN J. MENASHI,
> *Circuit Judges.*

———————————————————————

DANOS KALLAS,

> *Plaintiff-Appellant*,

> v.                                                                 20-717

THERESA L. EGAN, as the Executive Deputy
Commissioner of the Department of Motor Vehicles
of the State of New York,

> *Defendant-Appellee*.

———————————————————————

| | |
|---|---|
| For Plaintiff-Appellant: | DANOS KALLAS, pro se, Cliffside Park, NJ. |
| For Defendant-Appellee: | MATTHEW W. GRIECO, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Steven C. Wu, Deputy Solicitor General, Erik Fredericksen, Law Intern, *on the brief*), *for* Letitia James, Attorney General, State of New York, New York, NY. |

Appeal from an order of the United States District Court for the Southern District of New York (Caproni, *J*.; Aaron, *M.J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Plaintiff-appellant Danos Kallas, proceeding pro se, brought the instant 42 U.S.C. § 1983 action against defendant-appellee Theresa L. Egan, Executive Deputy Commissioner of the New York State Department of Motor Vehicles, alleging that unspecified vehicle and traffic law statutes violated the equal protection and due process rights of Americans. Kallas alleged that the statutes were unconstitutional because they did not incorporate a sliding-scale schedule for traffic fines, which disproportionately burdened minorities and which, in turn, contributed to nationwide civil unrest. Also, Kallas sought a declaratory judgment imposing nationwide legislative reform, such as less severe punishment for traffic infractions. The magistrate judge recommended dismissal of the complaint on standing and *res judicata* grounds, without leave to amend. The district court adopted the report and recommendation and dismissed the complaint, and this appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the district court's determination on standing *de novo*. *See Rajamin v. Deutsche Bank Nat'l Tr. Co*., 757 F.3d 79, 84–85 (2d Cir. 2014). To establish Article III standing, "the plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).[1] "To establish injury in fact, a

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 1548. And "when the asserted harm is a generalized grievance shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see also DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 344 (2006) (holding that an injury a plaintiff "suffers in some indefinite way in common with people generally" is not a cognizable injury-in-fact). Even if a plaintiff has alleged an injury that satisfies the Article III standing requirements, he "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth*, 422 U.S. at 499.

Kallas argues that he had standing to bring his claims because "the right to sue governmental entities" constitutes a case or controversy. Appellant's Br. 12. However, nowhere in his complaint or various filings has he alleged any facts showing that he himself suffered any injury-in-fact from any vehicle or traffic statutes, and he did not allege that Egan's conduct caused him any harm such that he had a personal stake in the litigation. *See Spokeo*, 136 S. Ct. at 1547–48. Even if we were to liberally construe Kallas's brief to argue that he suffered an injury-in-fact in the form of civil unrest, this is a generalized grievance that Kallas claims is shared by the American people. Accordingly, it does not constitute an injury-in-fact. *See id.* at 1548; *Warth*, 422 U.S. at 499. Further, Kallas cannot bring suit on behalf of the "American people," as he cannot establish standing by asserting the legal rights of third parties. *See Warth*, 422 U.S. at 499; *Rajamin*, 757 F.3d at 86. Because Kallas has not met the injury-in-fact requirement, he cannot establish standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561

(1992) (explaining that the three elements of standing are "an indispensable part" of a case and that a plaintiff must meet each of them).

Even if Kallas had alleged an injury-in-fact, he did not satisfy the redressability element of the standing requirements. To satisfy this element, a plaintiff must show that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id*. Kallas generally alleged that unspecified statutes violated Americans' equal protection and due process rights, contributing to widespread civil unrest that harmed the American people. He requested relief in the form of a declaratory judgment that would instruct Congress and state legislatures to implement legislative reforms. However, federal courts may not require Congress and state legislatures to exercise their legislative powers. *See Liu v. United States Cong.*, No. 19-3054, 2020 WL 6306971, at *4 (2d Cir. Oct. 28, 2020) (summary order) ("[F]ederal courts lack the power to compel the Congress to exercise its legislative powers. The Constitution commits the federal legislative power to the Congress."); *SAS Inst., Inc. v. Iancu*, 138 S. Ct. 1348, 1358 (2018) ("It is Congress's job to enact policy and it is this Court's job to follow the policy Congress has prescribed."); U.S. Const. art. I, § 8 (delegating enumerated legislative functions to Congress, not the federal courts); *id.* amend. X (reserving unenumerated powers to the States).

Kallas also argues that he has standing because the Second Amendment grants citizens the right to "defend their homeland" through civil litigation, Appellant's Br. 13–14, and because it exempts citizens proceeding pro se from Article III standing requirements. We are not persuaded, as all plaintiffs must demonstrate standing even when bringing suit under the Second Amendment. *See Libertarian Party of Erie County v. Cuomo*, 970 F.3d 106, 121–22 (2d Cir. 2020) (requiring plaintiffs to establish standing with respect to their Second Amendment claims challenging the constitutionality of firearm licensing statutes); *see also* U.S. Const. art. III, § 2,

4

cl. 1 (establishing judicial power over cases and controversies). In addition, the district court properly declined to consider the merits of his claims, given that the threshold jurisdictional requirement of standing was not met. *See Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990) ("[B]efore a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue.").

Finally, Kallas's appellate brief does not address the district court's holding that amendment would be futile. He has therefore waived any challenge to the district court's ruling on that issue. *See LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("[W]e need not manufacture claims of error for an appellant proceeding *pro se*, especially when he has raised an issue below and elected not to pursue it on appeal."). In any event, without standing, amendment would be futile as the barriers to relief for Kallas's claims cannot be surmounted by reframing the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

We have considered all of Kallas's remaining arguments and have found in them no grounds for reversal. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5